UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**SAFRON HUOT**,                                             Case No. 3:16-cv-01767-KI

               Plaintiff,                      OPINION AND ORDER

   v.

**MONTANA STATE DEPARTMENT OF
CHILD AND FAMILY SERVICES, et al.**,

             Defendants.


    Safron Huot
    211 N. Ceder
    Apt. # 104
    Anaconda, MT 59711

         *Pro Se* Plaintiff

KING, Judge:

    *Pro se* plaintiff Safron Huot moves to proceed *in forma pauperis*.  An examination of the

application reveals Huot is unable to afford the costs of this action.  Accordingly, it is ordered

Page 1 - OPINION AND ORDER

that this action may go forward without payment of fees or costs.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Additionally, the court is required to dismiss an action if the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). For the following reasons, I dismiss this case without prejudice.

## DISCUSSION

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Engebretson v. Mahoney*, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. *Johnson v. Lucent Tech. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

I have reviewed Huot's complaint and I conclude it must be dismissed. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Furthermore, "[i]f the court determines at any time that it lacks subject-matter

Page 2 - OPINION AND ORDER

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Huot has marked federal question as the basis of this court's jurisdiction–indicating that her claims arise under the Constitution, laws or treaties of the United States.[1]  She alleges the Montana Department of Child and Family Services removed her children from her home, that the Montana Supreme Court denied her appeals, that the Deer Lodge County District Court of Montana provided erroneous transcripts, that the presiding judge did not follow the proper standards in making his decision, that various other individuals (guardian ad litem, doctors, investigators, lawyers) failed to properly perform their professional responsibilities in the proceedings which resulted in her relinquishment of her children, and that the individuals who took custody of her children have not let her see her kids.

The existence of federal subject matter jurisdiction must be apparent on the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  Although Huot does not cite the statute, she may have intended a claim under 42 U.S.C. § 1983, which allows an individual to bring an action if she (1) was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, "a parent ha[s] a constitutionally protected right to the care and custody of h[er]

---

[1]Alternatively, jurisdiction may be proper on the basis of diversity of the parties where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  For purposes of diversity, a person's state citizenship is based on the state of domicile, not the state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*  Huot gives Montana addresses for herself and all of the defendants.  She indicates her "address will be changed upon arrival in State of Oregon" but diversity jurisdiction is determined as of the time the action is filed. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).  Since Huot is not yet residing in Oregon, her domicile appears to be the same as the defendants' for purposes of evaluating diversity of citizenship.

children and [she cannot] be summarily deprived of that custody without notice and a hearing, except where the children were in imminent danger." *Ram v. Rubin*, 118 F.3d 1306, 1310 (9th Cir. 1997); *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991) (state may remove children subject to immediate or apparent danger or harm).  Additionally, termination proceedings must comport with due process. *Santosky v. Kramer*, 455 U.S. 745, 770 (1982).  However, Huot alleges that her children were removed on the basis of an emergency and that she appeared at several hearings where her interests were discussed.  Compl. Claims I, V, IX.  Since the ground for this court's subject matter jurisdiction is not apparent on the face of the complaint, Huot's case must be dismissed without prejudice.

Normally, I would allow Huot to amend her complaint to clarify her claim, but there are many other problems with her pleading.  I note, for example, that the statute of limitations has run on her claims.  Since 42 U.S.C. § 1983 contains no statute of limitations, courts look to the law of the state where the injury occurred to determine the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Montana, the statute of limitations begins to run three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).  Huot filed her complaint on September 6, 2016; therefore, all incidents occurring prior to September 6, 2013 are barred by the applicable statute of limitations.  Huot alleges her children were removed on January 28, 2011, a final hearing took place on September 5, 2012, and that false reports were written in 2011 and 2012.  These incidents occurred between four and five years ago.

While Huot appears to have appealed these early decisions–alleging various court proceedings in 2014, 2015, and finally that the Supreme Court made a decision on her third

appeal on August 16, 2016–the statute began to run once Huot knew or had reason to know of the injury that is basis of her action. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).[2]

Additionally, a district court may dismiss a complaint *sua sponte* for improper venue when there has been no appearance by the defendant. *Costlow v. Weeks*, 790 F.2d 1486, 1487-88 (9th Cir. 1986). Under the general venue statute, venue is proper: (1) in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) otherwise, "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, all of the defendants are Montana entities and all of the events giving rise to Huot's claims occurred in Montana. Accordingly, venue is not proper here in the District of Oregon. For the reasons set forth above, transfer is not required in the interest of justice. 28 U.S.C. § 1406(a) (district court shall dismiss case filed in wrong division or district or, "if it be in the interest of justice," transfer

---

[2] Beyond the statute of limitations, Huot has sued a number of defendants who appear to be immune from liability or against whom she cannot state a claim under Section 1983. *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (judges are generally immune from liability for money damages); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not generally act under color of state law); *Caldwell*, 928 F.2d at 332 (Montana Department of Social Rehabilitation Services and its director are protected by Eleventh Amendment immunity); *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987) (child services workers performing "quasi-prosecutorial functions" connected to "initiation and pursuit of child dependency proceedings" are absolutely immune from liability); *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983) (witnesses are immune from liability for their testimony).

the case to the district in which it could have been brought); *see Costlow*, 790 F.2d at 1488.

## CONCLUSION

For the foregoing reasons, Huot's Application for Leave to Proceed *In Forma Pauperis* [1] is granted, but this action is dismissed without prejudice. Thus, her motions for appointment of counsel [3] and to register as a CM/ECF user [4] are denied as moot.

IT IS SO ORDERED.

DATED this ___13th___ day of September, 2016.


___/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 6 - OPINION AND ORDER